# United States District Court, Northern District of Illinois

JSb

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3730 | DATE | 6/28/2000 |
| CASE TITLE | Karl Banks #B63187 vs. Chicago Police 11th District | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Banks' Application is granted to the limited extend that no prepayment of the full $150 filing fee is required, and both the Complaint and this action are dismissed. Banks is assessed an initial partial filing fee of $26.62, and the Centralia trust fund officer is ordered to collect that partial filing fee from Banks' trust fund and pay it directly to the Clerk. The trust fund officer is authorized to collect monthly payments in an amount equal to 20% of the preceding month's income credited to the account.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | JUN 29 2000 | 4 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | 6/28/2000 | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| SN | courtroom deputy's initials | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KARL BANKS #B63187, )
)
    Plaintiff, )
)
v. ) No. 00 C 3730
)
CHICAGO POLICE 11th DISTRICT )
OFFICER PERKOVICH, )
)
    Defendant. )

**DOCKETED**

**JUN 29 2000**

<u>MEMORANDUM OPINION AND ORDER</u>

Centralia Correctional Center ("Centralia") inmate Karl Banks ("Banks") has initiated a proposed 42 U.S.C. §1983 ("Section 1983") action against Chicago Police Officer Perkovich ("Perkovich") by filling in and completing the form of Complaint provided by this District Court's Clerk's Office for prisoners bringing such actions.[1] As required by 28 U.S.C. §1915(a)(2),[2] Banks has also accompanied his Complaint with an Application To Proceed Without Prepayment of Fees ("Application") together with

---

[1] Although only Perkovich is identified as a defendant in Complaint ¶II.A and ¶IV.D, Banks' narrative Statement of Claim in Complaint ¶V refers to other officers as well, and Banks' statement of his requested relief in Complaint ¶VI begins:

  I would like for these officers to be held accountable
  for there [sic] actions.

That potential ambiguity need not be cleared up, because for the same reason that applies to his claim against Perkovich, Banks also could not now succeed against any of the other officers to whom he refers.

[2] All further references to Title 28's provisions will simply take the form "Section--."

Centralia's certified statement of the transactions in Banks' inmate trust fund account for more than the six-month period immediately preceding the submission of the Complaint. For the reasons stated in this opinion, the Application is granted to the limited extent that no <u>pre</u>payment of the full $150 filing fee is required (although Banks must pay that entire fee in installments), but both the Complaint and this action are dismissed.

To begin with, the trust fund printout reflects that the average monthly deposits to Banks' Centralia account during the relevant six-month period (see Section 1915(b)(1)(A)) came to $133.12, a figure substantially greater than the average monthly balance in the account (see Section 1915(b)(1)(B)). That being the case, the required initial payment of 20% of that average deposit figure (as specified in Section 1915(b)(1)) amounts to $26.62.

Accordingly, pursuant to 28 U.S.C. §1915(b)(1) Banks is assessed an initial partial filing fee of $26.62, and the Centralia trust fund officer is ordered to collect that partial filing fee from Banks' trust fund account there and to pay it directly to the Clerk of Court ("Clerk"). After such payment, the trust fund officer at Centralia or any other correctional facility where Banks is confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of

the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Banks' name and the 00 C 3730 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Centralia trust fund officer.

Next this Court turns to the screening process mandated by Section 1915A. On that score Banks' problem is that the assertedly false arrest about which he complains in Complaint ¶V (in constitutional terms, that constitutes an allegedly unlawful seizure in violation of Banks' Fourth Amendment rights[3]) occurred on May 13, 1998. Even with the benefit of the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988)), however, the earliest possible date on which this action might be viewed as having been filed is June 8, 2000 (the date when the Centralia certificate contained in the Application was signed). And that being the

---

[3] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

3

case, this action is barred by the two-year statute of limitations that applies to all Illinois-based Section 1983 lawsuits.

Under Section 1915A(b)(1) this Court's screening review calls for a dismissal of a prisoner complaint such as this one if it "fails to state a claim upon which relief may be granted." Experience teaches that the first item on the checklist of defense counsel for any public agency (in this instance that would be the City of Chicago's Corporation Counsel's office) is to see whether a lawsuit is or is not timely. In this instance the unquestioned untimeliness jumps off the page of Banks' own filing. As stated at the outset, then, both the Complaint and this action are dismissed (although as stated above Banks remains liable for payment of the entire $150 filing fee).

_____
Milton I. Shadur
Senior United States District Judge

Date: June 28, 2000